UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **STATE OF LOUISIANA** | **CIVIL ACTION** |
| **VERSUS** | **NUMBER: 07-4243** |
| **KENDALL TADEMY** | **SECTION: I/1** |

### ORDER AND REASONS

Before the Court is a motion to quash subpoena and dismiss for lack of subject matter jurisdiction filed by the United States of America ("United States") on behalf of Special Agent Larry Johnson of the Drug Enforcement Administration ("DEA")[1]. For the following reasons, the motion is **GRANTED** without opposition.

### BACKGROUND

On July 24, 2008, a subpoena[2] was issued to DEA Special Agent Larry Johnson ("Johnson"), commanding that he testify on November 15, 2008 on behalf of defendant Kendall Tademy ("Tademy") in the 17th Judicial District Court of the State of Louisiana. Pursuant to 28 U.S.C. §1442(a), the United States removed the state court-issued subpoena to this Court.[3] Thereafter, the United States filed this motion to quash subpoena and to dismiss for lack of subject-matter jurisdiction, alleging sovereign immunity and the requesting party's non-compliance with federal regulations.

### LAW AND ANALYSIS

---

[1] Rec. Doc. No. 1.

[2] Rec. Doc. No. 1-2, p.1.

[3] Rec Doc. No. 1-2, p. 2.

The United States Court of Appeals for the Fifth Circuit has held that proceedings related to Louisiana state court-issued subpoenas of federal officers may be removed under 28 U.S.C. §1442(a), which provides for removal of actions against the United States, its agencies, or its officers.[4] The Fifth Circuit in *Louisiana v. Sparks* permitted removal of a subpoena in the absence of an initiation of formal state court contempt proceedings, explaining that the "[m]ere issuance of a Louisiana state court subpoena to a federal officer triggers § 1442 (a)." 978 F.2d 226, 232-33 (5th Cir. 1992).[5] Tademy's subpoena of Johnson was issued by a Louisiana state court and removal was proper under 28 U.S.C. § 1442(a).

In its motion to quash, the United States argues that the attorney requesting Johnson's testimony failed to comply with Department of Justice ("DOJ") regulations. Federal law provides the DOJ, which includes DEA agents, with the authority to promulgate procedures to regulate its employees' ability to respond to third party subpoenas.[6] In *Touhy v. Ragen*, the United States Supreme Court recognized the validity of such regulations and concluded that subordinate federal officials could lawfully refuse to respond to a subpoena that is not in

---

[4] 28 U.S.C. § 1442(a) provides:
A civil action or criminal prosecution commenced in a State court against any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:
 (1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

[5] The Fifth Circuit's holding was limited to the particular circumstances under Louisiana law, which allows contempt orders without a "meaningful delay" following a witness' noncompliance. 978 F.2d at 232.

[6] 5 U.S.C. § 301 states:
 The head of an Executive department or military department may prescribe regulations for the government of his department, the conduct of its employees, the distribution and performance of its business, and the custody, use, and preservation of its records, papers, and property. This section does not authorize withholding information from the public or limiting the availability of records to the public.

compliance with a valid federal regulation. 340 U.S. 462, 468 (1951); *see also Sparks*, 978 F.2d at 234 (citing *Touhy*, 340 U.S. at 470).

The DOJ requires that a party demanding testimony of its employees submit an affidavit or statement, summarizing the testimony sought and its relevance.[7] These regulations are "valid and mandatory" and the failure to timely comply constitutes grounds to quash the subpoena. *United States v. Wallace*, 32 F.3d 921, 929 (5th Cir. 1994).

In this case, the United States contends that the subpoena of Johnson failed to comply with the federal regulations by not providing a statement or affidavit summarizing the testimony sought. Tademy has not responded otherwise.

The United States also argues that the subpoena should be quashed and that the Court lacks subject matter jurisdiction because the subpoena proceedings are considered an action against the United States subject to the federal government's sovereign immunity. Courts have applied the doctrine of sovereign immunity to subpoena proceedings even when the action is against a federal employee and not directly against the sovereign itself. *See, e.g., Louisiana v. Scire*, No. 93-3406, 1994 WL 35595, at *1-2 (5th Cir. Jan. 26, 1994); *Sparks*, 978 F.2d at 234-36; *see also Boron Oil Co. v. Downie*, 873 F.2d 67, 71 (4th Cir. 1989) ("The subpoena proceedings fall within the protection of sovereign immunity even though they are technically against the federal employee and not against the sovereign.").

---

[7] 28 C.F.R. § 16.22 (c) states:
If oral testimony is sought by a demand in any case or matter in which the United States is not a party, an affidavit, or, if that is not feasible, a statement by the party seeking the testimony or by his attorney, setting forth a summary of the testimony sought and its relevance to the proceeding, must be furnished to the responsible United States Attorney. Any authorization for testimony by a present or former employee of the Department shall be limited to the scope of the demand as summarized in such statement.

"[S]overeign immunity prevents the enforcement of a subpoena against the United States, absent an express waiver." *Scire*, 1994 WL 35595, at *2.  In *Sparks,* the Fifth Circuit found that the United States had not waived its sovereign immunity with respect to state court-issued subpoenas and noted that 28 C.F.R. § 16.22(a) "evince[s] an intent not to waive the Justice Department's sovereign immunity." *Sparks*, 978 F.2d at 234-36.  Therefore, the appropriate action is to "quash[] state court subpoenas...on the ground that a court, state or federal, lacks jurisdiction to enforce a subpoena against an unwilling sovereign." *Id.*; *see also Boron Oil Co.*, 873 F.2d at 70 ("[T]he state court (and the federal court on removal) lacks jurisdiction to proceed against a federal employee acting pursuant to agency direction."). The proceedings with respect to the subpoena issued to Johnson are subject to the federal government's sovereign immunity and the Court lacks subject matter jurisdiction.

For the foregoing reasons,

**IT IS ORDERED** that the United States' motion is **GRANTED**, that the subpoena issued to DEA Special Agent Larry Johnson is **QUASHED,** and that the action is **DISMISSED .**

New Orleans, Louisiana, November 14th, 2008

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**